## Yeates *v.* The State.

PER CURIAM.  The entire court concurs in the opinion that none of the rulings complained of contain reversible error, except as to one ground of the motion for a new trial.  In regard to the ground which complains that the presiding judge committed error in that portion of his charge where, after stating that the defendant insisted that the homicide was justifiable, he added that the defendant further insisted that there was an effort to illegally arrest him, that he resisted reasonably, "that he took the life of the deceased, not in any spirit of revenge, not with malice aforethought, but either in the heat of passion, or under such circumstances as that the offense would be reduced to voluntary manslaughter," the court is equally divided.  Three members are of the opinion that this charge was a misstatement of the defendant's contentions, and was calculated to lead the jury to believe that the defendant admitted that the homicide was unlawful, and tended to prejudice the jury in regard to the defense of justifiable homicide.  The other three members are of the opinion that, taking the charge in connection with its context, the judge substantially charged the jury that the defendant had two possible defenses against the charge of murder: (1) That the homicide was justifiable; and (2) that, if not so, it was no more than manslaughter.  They further think that the evidence authorized a charge on both of these branches of the law, and that it appears from the record that the former decision in this case (127 *Ga.* 813 (56 S. E. 1017) ) was read in argument and commented on by counsel before the jury, which decision presented the theory of manslaughter; that the charge was not calculated to mislead the jury, and was not error merely because defendant's counsel contended before the jury that the homicide was justifiable; and that the charge was not reversible error.  The court being equally divided in opinion as to this ruling, the judgment is affirmed by operation of law.                    *Judgment affirmed.*

Argued October 22,—Decided November 15,—Rehearing denied December 21, 1907.

Indictment for murder. Before Judge Spence. Decatur superior court. July 17, 1907.

The judge charged the jury in part as follows: "The defendant in this case insists that this killing was done by him in self-defense; that at the time he fired the fatal shot, at the time he killed Mr. Freeman, the party named in the bill of indictment, he insists that he did it in order to save his own life or to prevent a serious personal injury, amounting to a felony, being committed upon his person by Mr. Freeman, or by the other parties engaged in the rencounter at the time. The defendant insists that at the time he fired the fatal shot it was necessary for him to do it in order to save his own life, that it was absolutely necessary for him to take the life of Mr. Freeman in order to save his own life, or that the circumstances surrounding him at the time, the conduct of the deceased, W. B. Freeman, and the others that were with him at the time, was such as to arouse in his breast, in the defendant's breast, the fears of a reasonable man, and that he really acted under the fears of a reasonable man in taking the life of the deceased, that is, that he acted under the fears of a reasonable man that his own life was in imminent danger at the hands of the deceased, or at the hands of the other parties who were aiding the deceased; or that his person was in imminent danger of a felony being committed upon it, an assault with intent to commit murder, with a weapon likely to produce death, an offense punishable by a term in the penitentiary; and that he took the life of the deceased in order to prevent what he believed was an effort to take his, the defendant's, life, or an effort to commit a felony upon his person, and not in a spirit of revenge.

"The defendant insists further that what he did was done to prevent an unlawful arrest which was sought to be made by the deceased, W. B. Freeman; that the deceased, in company with Sam Freeman and West Oliver, were attempting to illegally arrest him, illegally deprive him of his liberty, and that he resisted reasonably, in a reasonable way was attempting to resist this unlawful arrest; that he took the life of the deceased, not in any spirit of revenge, not with any malice aforethought, but either in the heat of passion, or under such circumstances as that the offense would be reduced to voluntary manslaughter. These are about the contentions, gentlemen, made by the defendant in this case, the defenses set up

by the defendant." The law of justifiable homicide was fully charged, and also that of manslaughter.

*John R. Cooper, R. G. Hartsfield,* and *J. H. Gilpin,* for plaintiff in error. *John C. Hart, attorney-general, W. E. Wooten, solicitor-general, I. J. Hofmayer,* and *W. D. Sheffield,* contra.